1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204224)
2  WILL M. YAMADA, ESQ. (SBN 226669)
   **MASTAGNI, HOLSTEDT, AMICK,**
   **MILLER, JOHNSEN & UHRHAMMER**
3  *A Professional Corporation*
   1912 "I" Street
4  Sacramento, California 95814
   Telephone: (916) 446-4692
5  Facsimile: (916) 447-4614

6  Attorneys for Plaintiffs

7  ALISON SANDMAN, ESQ.  (SBN 179193)
   Hanson Bridgett et al LLP980 9th St #1500Sacramento, California 95814
8  Telephone: (916) 442-3333
   Facsimile:  (916) 442-2348
9

10 Attorneys for Defendants

11                    IN THE UNITED STATES DISTRICT COURT

12                       EASTERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| RYAN BERRY, JEFF ADAMS, KEN ADDISON, RON ASHFORD, ERIC BAKULICH, JOSHUA BARNHART, ANDREW BAUMBACH, ALLAN D. BEATON, MICHAEL BENNETT, MARK R. BERKLER, JOSEPH F. BERTONI, III, JOSEPH F. BERTONI, IV, LAURIE BETTENCOURT, DANIEL A. BLAIR, VAN BOGARDUS,  SAGE BOORASSA, JOHN "KEVIN" BORDEN, MARK BRACCO, ROBERT BRODOVSKY, DAVID BROSE, JEFFERY BROWN, SCOTT BRYAN, ROGER BRYANT, ROBERT E.BUMPUS, JOHN A. CALIGUIRE, FRED CAREY, DEBRA LYNNE CARLTON, DESIREE CARRINGTON, WALTER A. CHATHAM, GREGORY S. CHINN, JOHN P. CIRINNA, DAVID J. CLARK, EDWARD K. CLARK, TY CONNERS, SHIRLEY A. COX, DAVID J. CRAWFORD, MICHAEL DAVIS, ROBERT DELLINGER, MARK D. FAIN, LAKSHAN DE SILVA, FRANK DOMEIER, JASON DOOLITTLE, SCOTT DOW, RAYMOND P. EDISON, SCOTT J. ELLIS, DAVID ERIKSEN, GILBERT M. FARRULLA, KEVIN M. FITZGERALD, ANGELA FORD, JOHN R. FORD, | CASE NO. 2:05-CV-00239-MCE KJM<br><br>**STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND ORDER THEREON** |

| | | |
|---|---|---|
| 1 | ROBERT M. FRANZ, STEVEN M. FRICK, GREGORY GAUGHAN, GREG | ) ) |
| 2 | GILBERG, JOHN GIOVANNINI, CHRIS GLASPELL, BEN GLAU, ROBERT | ) ) |
| 3 | GRIGGS, ALFREDO GUITRON JR., WILL HAFELFINGER, MATTHEW RAY | ) ) |
| 4 | HARDCASTLE, TIM HARRISON, RICK HARROUN, RHONDI HAYES, JOSEPH | ) ) |
| 5 | HERRICK, JACK HICKEY, CARLOS M. HOLGUIN, DAYNA HOLLOWAY, | ) ) |
| 6 | GREGG A. HOPPING, ARLIE K. HUBINS, JAMES T. HUDSON, DAVID | ) ) |
| 7 | HUNT, NANCY T. HUNTLEY, DAVID L. JOHNSON, DENNIS KEMPER, TROY | ) ) |
| 8 | KENNEY, PHILLIP KEON, WILLIAM D. KLEPPE, JOHN LASAGNA, HEATHER | ) ) |
| 9 | LAWRENCE, TIM LEWANDOWSKI, WILLIAM C. LICHTY, JASON V. | ) ) |
| 10 | LOCKHART, PAUL DAVID LONG, DAVID LOPES, JOSEPH D. LOPEZ, | ) ) |
| 11 | HERMILA LOPEZ-TIGHE, ERIC J. LOPIN, MICHAEL LYKE, BRADLEY | ) ) |
| 12 | MCKENZIE, BENJAMEN F. MACHADO, JAMES MALLERY, THOMAS MAROIS, | ) ) |
| 13 | RICKY MARTINO, SHANE A. MATHIAS, GLENN McNAMA, | ) ) |
| 14 | RICHARD MICHAEL MECUM, DENNIS D. MEEH, DANIEL MEIER, DON | ) ) |
| 15 | MURCHISON, JOE M. NUNES, MITCHELL OLSON, THOMAS | ) ) |
| 16 | ORSOLINI, BRIAN C. OWENS, RANDY J. OWENS, RYAN L. OWENS, | ) ) |
| 17 | RANDOLPH J. PADILLA, RICHARD E. PADILLA, STEVEN L. PARK, JESS | ) ) |
| 18 | PHARISS, ROBERT PIRRE, DONALD POLLOCK, JOHN PORETTI, JEFFREY | ) ) |
| 19 | D. POTTER, CHRIS RAFFETTO,, DAVID POWERS, WILLIAM "JASON" | ) ) |
| 20 | PRAHL, KATHRYN RAFFETTO, BATINE RAMIREZ, NELSON | ) ) |
| 21 | RESENDES, JOHN RIELLA, JENNIFER RIGGS, MARK ROSSO, JUDSON RUIZ, | ) ) |
| 22 | JOHN SAVAGE, CONNIE SCHMIDT, STEVEN SCHMIDT, RICHARD | ) ) |
| 23 | SCHNOOR, ANDREW SCOTT, MICHAEL A. SEIPERT, SR., BRIAN L. | ) ) |
| 24 | SILVA, TREK SINCLAIR, VICTORIA SKELLINGER, STEVE M. SLATTERY, | ) ) |
| 25 | DARRELL STEINHAUER, ROBERT S. SWANSON, DIANA STEWART, | ) ) |
| 26 | JEFFREY E. SWEARINGEN, ROBERT L. TARABETZ JR., ARTHUR THOMAS, | ) ) |
| 27 | HELEN THOMPSON, KEVIN THOMPSON, RICHARD TIGHE, | ) ) |
| 28 | | |

| | |
|---|---|
| JOSHUA TINDALL, BRYAN J. URQUIDEZ, MATT WAGNER, KURT B. WALKER, CAROL WALSH, WILLIAM WALTON, MARK WEISMAN, DARYAN WEST, BRIAN WHIGAM, BRUCE WILSON, DEBORAH WILSON, CHRISTINA WOO, WAYNE WOO, acting for themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF PLACER,<br><br>        Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION**

The parties to the above captioned action hereby stipulate as follows:

1. Plaintiffs Ryan Berry et al. (collectively "Plaintiffs") are presently or were previously employed as Deputy Sheriffs by the Defendant County of Placer ("Defendant"). Plaintiffs and the Defendant shall be collectively referred to as "Parties" herein.

2. Plaintiffs filed the above captioned action ("Action") on behalf of themselves and others similarly situated arising out of certain events that allegedly occurred during their employment as Deputy Sheriffs.

3. Plaintiffs' First Amended Complaint to the action for violation of the Fair Labor Standards Act ("Complaint"), alleges violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) ("FLSA") and California Wage and Hour law. The Complaint seeks recovery of allegedly unpaid overtime, liquidated damages, attorneys fees and costs. The Court has jurisdiction over the subject matter of this action and over the parties.

4. The County filed an Answer to the First Amended Complaint denying its material allegations and asserting affirmative defenses thereto.

///

5.  The Court has not certified the Action as a collective action nor has notice been sent to any potential class members providing them with the opportunity to either "opt-in" or "opt-out" of the Action.

6.  The Parties dispute the applicability of the FLSA to the facts as alleged in the Complaint.

7.  The Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters.

8.  The Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, agreed to a settlement which all the Parties, upon consultation with counsel, believe provides for a fair, reasonable and just resolution of the Parties' dispute.  The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release of All Claims ("Settlement Agreement") which all Parties have executed.  A copy of the Settlement Agreement and Exhibits is attached hereto and incorporated herein;

9.  Plaintiffs' potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of the Settlement Agreement are consistent with and within the range of any reasonable result that Plaintiffs might expect to obtain after a trial;

10. Courts have determined that the provisions of the FLSA are mandatory and cannot generally be abridged by contract or otherwise waived. *Lynn's Food Stores, Inc.* v. *United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).  However, when employees bring a private action for compensation under the FLSA, and present the district court a proposed settlement, the district court may enter a judgment after scrutinizing the settlement for fairness.  *Id.* At 1353;

11. The Parties to this action intend to present the Court with this Stipulation re Approval of Settlement Agreement and Dismissal with Prejudice and Order Thereon ("Stipulation and Order") through which they intend to finally resolve all claims asserted in this Action based upon the Settlement Agreement;

///

1   ///

2   12. By entering into this Stipulation and requesting Court approval, the Parties do not intend
3   that the Court should make any findings or determination regarding the County's alleged violation of the
4   FLSA, or any other federal or state law, regulation, order, or rule.  This Stipulation and Order, and any
5   exhibits and any other documents or written materials prepared in conjunction with this Stipulation and
6   Order, should not constitute evidence of, or any admission of, any violation of the FLSA, or any other
7   federal or state law, regulation, order, or rule by any Party.

8   13. The Parties jointly request that the Court find the settlement is fair, reasonable and just
9   and therefore request that the Court approve of and enter the Stipulation and Order;

10  IT IS THEREFORE STIPULATED, by and between the Parties, through their respective
11  counsel, that:

12  1. The Settlement Agreement which is incorporated herein by reference, is fair, reasonable
13  and just in all respects as to the Plaintiffs, and the Court should therefore approve the Settlement
14  Agreement and enter this Stipulation and Order;

15  2. The Court should expressly reserve jurisdiction with respect to this Action for the
16  purposes of enforcing the Settlement Agreement;

17  3. The award of and allocation of costs and attorneys fees should be as provided for in the
18  Settlement Agreement;

19  4. Upon the Court's approval of the Settlement Agreement, this Action should be
20  dismissed with prejudice.

21  Dated: October 3, 2005                **MASTAGNI, HOLSTEDT, AMICK**
                                          **MILLER, JOHNSEN & UHRHAMMER**

22

23                                        ___/s/ Will M Yamada___
                                          WILL M. YAMADA
                                          Attorney for Plaintiffs
24

25  Dated: October 3, 2005                **HANSON, BRIDGETT, MARCUS,**
                                          **VLAHOS, RUDY**
26

27                                        ___/s/ Alison P. Sandman___

28

1  ALISON P. SANDMAN
   Attorneys for Defendant

2  **ORDER**

3  The Court has carefully reviewed the Settlement Agreement, the proposed Stipulation and
4  Order, and relevant Exhibits. Based upon a review of the record, and good cause appearing, IT IS
5  HEREBY ORDERED, ADJUDGED AND DECREED as follows:

6   1. The Settlement Agreement, which is incorporated herein by reference, is approved as
7  fair, reasonable and just in all respects as to the Plaintiffs, and the Parties shall perform the Settlement
8  Agreement in accordance with its terms;

9   2. The Court expressly reserves jurisdiction with respect to this Action for the purposes of
10 enforcing the Settlement Agreement;

11  3. The award of and allocation of costs and attorneys fees shall be as provided for in the
12 Settlement Agreement;

13  4. The Court has made no findings or determination regarding the County's alleged
14 violation of the FLSA, or any other federal or state law, regulation, order, or rule, and this Stipulation
15 and Order and any exhibits and any of the other documents or written materials prepared in conjunction
16 with this Stipulation and Order shall not constitute evidence of, or any admission of, any violation of the
17 FLSA, or any other federal or state law, regulation, order, or rule;

18  5. This Action is hereby dismissed <u>with prejudice</u> as to all claims and as to all parties.

19
20
21 Dated: October 13, 2005
22 _____
23 MORRISON C. ENGLAND, JR
   UNITED STATES DISTRICT JUDGE
24
25
26
27
28